**JINLING CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, INS, Respondents.**

No. 05–5914–ag.

United States Court of Appeals, Second Circuit.

May 18, 2007.

Jinling Chen, pro se, Freeport, New York, for Petitioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut, Ann M. Nevins and William J. Nardini, Assistant United States Attorneys, Bridgeport, Connecticut, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Jinling Chen, a native and citizen of China, seeks review of an Octo-ber 18, 2005 order of the BIA affirming the July 13, 2004 decision of Immigration Judge ("IJ") Robert D. Weisel denying Chen's application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In Re Jinling Chen,* No. A96 419 135 (B.I.A. Oct. 18, 2005), *aff'g* No. A96 419 135 (Immig. Ct. N.Y. City Jul. 13, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the IJ's decision and supplements it, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly relied on the major inconsistency between Chen's initial asylum application—in which he claimed only that he had been abused by his stepmother and faced persecution and torture for leaving China illegally—and his subsequent amendment and testimony raising additional grounds for relief based on past persecution pursuant to China's family planning policy. "[A]n applicant's failure to list in his or her initial application facts

that emerge later in testimony will not automatically provide a sufficient basis for an adverse credibility finding" where "[i]nconsistencies of less than substantial importance for which a plausible explanation is offered" are involved. *Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). However, (as here) an applicant's failure to assert a claim for relief in his initial application is a proper ground for an adverse credibility determination. *See, e.g., Xu Duan Dong v. Ashcroft,* 406 F.3d 110, 112 (2d Cir.2005).

Moreover, because Chen's account in the initial application was "dramatically different" from the account given in the amended application and at the hearing, the IJ properly found him not credible " 'without soliciting from the applicant an explanation for the inconsistency.' " *Ming Shi Xue v. Bd. of Immigration Appeals,* 439 F.3d 111, 114 (2d Cir.2006) (quoting *Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005)).

To the extent that Chen asserts ineffective assistance of counsel as the reason for the omission of his family planning claim from his initial application, he has forfeited such a claim in this Court by failing to substantially comply with *Matter of Lozada,* 19 I. & N. Dec. 637 (BIA 1988). *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46–47 (2d Cir.2005).

Finally, the IJ evidently disposed of Huang's CAT claim by summarily denying "all benefits" at the conclusion of his decision. The only evidence that Chen was likely to be tortured depended upon his credibility; thus, the adverse credibility

determination in this case necessarily precluded success on his claim for CAT relief. *See Xue Hong Yang v. United States DOJ,* 426 F.3d 520, 523 (2d Cir.2005). To the extent that Chen alleges a likelihood of future torture based on the threat of punishment for leaving China illegally, the record evidence of harsh conditions in Chinese prisons is insufficient to show that it is more likely than not that someone in Chen's particular alleged circumstances would be tortured upon his return. *See Zhou Yi Ni v. United States Dep't of Justice,* 424 F.3d 172, 175 (2d Cir.2005); *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).